# No. 26-1114

**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

---

SPECIALTY CARE INC; REMOTE NEUROMONITORING PHYSICIANS PC; SENTIENT PHYSICIANS PC,

*Appellants*,

v.

AETNA, INC.,

*Appellee.*

---

On Appeal from the United States District Court
for the Middle District of Pennsylvania, No. 1:25-cv-00224
Hon. Keli M. Neary

---

## APPELLANTS' NOTICE OF RELATED CASES AND UNOPPOSED MOTION TO CONSOLIDATE

---

Michael E. Neminski
BAKER & HOSTETLER LLP
1735 Market St., Ste. 3300
Philadelphia, PA 19103
(215) 561-1457

Maureen B. Soles
BAKER & HOSTETLER LLP
200 S. Orange Ave., Ste. 2300
Orlando, FL 32801
(407) 649-4030

*Counsel for Appellants*

April 30, 2026

Pursuant to Federal Rule of Appellate Procedure 27 and Local Appellate Rule 27.3, Appellants, SpecialtyCare Inc., Remote Neuomonitoring Physicians PC, and Sentient Physicians PC (collectively, "SpecialtyCare") respectfully give notice of related cases and request that the Court consolidate the separate appeals docketed as Case No. 26-1114 and Case No. 26-1864, for purposes of briefing and disposition, and to establish a single briefing schedule applicable to the consolidated appeals, which are both pending in this Court. In support, SpecialtyCare states:

1. SpecialtyCare is an intraoperative neuromonitoring provider that seeks to enforce awards governed by the No Surprises Act ("NSA"), 42 U.S.C. §§ 300gg-111 et seq. In each action, SpecialtyCare alleges that insurers or health plan administrators failed to pay amounts awarded to SpecialtyCare through the NSA's independent dispute resolution ("IDR") process for out-of-network medical services.

2. On December 23, 2025, the District Court for the Middle District of Pennsylvania in *SpecialtyCare Inc. v. Aetna, Inc.*, granted Aetna's motion for judgment on the pleadings after finding the NSA does not create a private right of action to enforce IDR awards. Dist. Ct. Dkt.

No. 44 at 8. SpecialtyCare timely appealed. Dist. Ct. Dkt. No. 46. The appeal is pending before this Court and docketed as Case No. 26-1114.

3. On March 17, 2026, the District Court for the District of Delaware in *SpecialtyCare Inc., et al. v. Meritain Health, Inc.*, granted Meritain Health's motion to dismiss after similarly concluding that the NSA does not create a private right of action to enforce IDR awards, and that SpecialtyCare cannot enforce IDR awards through state-law causes of action. Case No. 1:25-cv-00198-MN, Dist. Ct. Dkt. 42 at 1-2. SpecialtyCare timely appealed. Dist. Ct. Dkt. No. 43. The appeal is pending before this Court and docketed as Case No. 26-1864.

4. The related cases are appropriate for consolidation because they present overlapping legal questions. Specifically, the appeals present common questions of law regarding the scope of judicial review permitted under the NSA for IDR determinations; whether Congress created a private right of action to enforce or confirm IDR awards; and the interaction between the NSA, the Federal Arbitration Act, and state-law remedies.

5. Further, Aetna and Meritain are affiliates that are represented by the same counsel in both appeals, and SpecialtyCare is

also represented by the same counsel in the two appeals.

6. Consolidating these appeals will promote judicial economy by avoiding duplicative briefing and record review and by ensuring consistent resolution of the same statutory and jurisdictional questions. The appeals are procedurally aligned, concern overlapping arguments, and involve no issues that would make consolidation impractical or prejudicial.

7. No party will be prejudiced by consolidation, and consolidation will materially reduce the burden on both the Court and the parties.

8. Given the substantial overlap in issues presented, SpecialtyCare respectfully requests that the Court establish a single, unified briefing schedule for all consolidated appeals. Under that schedule:

i. Appellants would file one consolidated opening brief;

ii. Appellees would file one consolidated response brief; and

iii. Appellants would file one consolidated reply brief.

This approach will streamline presentation of the issues and facilitate efficient appellate review.

9. Counsel for SpecialtyCare conferred on the motion with counsel for Appellees in both cases and can represent Appellees agree to consolidate.

10. Consolidating the two appeals will not result in any delay. No party has filed a brief, and a briefing schedule in Case No. 26-1864 has not been issued.

## CONCLUSION

Wherefore, Appellants respectfully request this Court grant the unopposed motion to consolidate Case No. 26-1114 and Case No. 26-1184 and establish a single briefing schedule for the consolidated case.

Respectfully submitted,

*s/Maureen B. Soles*

Michael E. Neminski
BAKER & HOSTETLER LLP
1735 Market St., Ste. 3300
Philadelphia, PA 19103
(215) 564-1457

Maureen B. Soles
BAKER & HOSTETLER LLP
200 S. Orange Ave., Ste. 2300
Orlando, FL 32801
(407) 649-4030
msoles@bakerlaw.com

*Counsel for Appellants*

April 30, 2026

## CERTIFICATE OF COMPLIANCE

In accordance with the Federal Rules of Appellate Procedure and the Local Rules of this Court, I hereby certify the following:

1. I am a member in good standing of the Bar of this Court.

2. This Brief complies with the type-volume limitations of Fed. R. App. P.32(a)(7)(B) because it contains 599 words, excluding the parts exempted by Fed. R. App. P. 32(f).

3. This Brief complies with the typeface and type-style requirements of Fed.R.App. P. 32(a)(5) & (a)(6) because it has been prepared using Microsoft Word in a proportionally spaced 14-point font (Century Schoolbook) in the text and the footnotes.

Dated: April 30, 2026

*s/ Maureen B. Soles*
Maureen B. Soles

*Counsel for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, this brief was electronically filed with the Clerk of Court using the appellate CM/ECF system.

*s/Maureen B. Soles*
Maureen B. Soles

*Counsel for Appellants*